UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-Civ-23819-COOKE

DEBORAH DIANE FLETCHER,

    Plaintiff,

v.

MANAGER, HUD FAIR HOUSING ACT,
U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

    Defendant.

_____/

**ORDER OF DISMISSAL**

THIS MATTER is before me upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (ECF No. 4). After carefully reviewing Plaintiff's Application, the Complaint, the record, and relevant legal authorities, Plaintiff's Application is denied without prejudice, and her Complaint dismissed without prejudice.

**I. DISCUSSION**

The screening provisions of 28 U.S.C. § 1915(e) are applicable to this matter as Plaintiff seeks leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), courts are permitted to dismiss a suit "any time [ ] the court determines that … (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint may survive a Rule 12(b)(6) motion to dismiss only if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"). Additionally, while *pro se* complaints are held to a less

stringent pleading standard than formal pleadings drafted by lawyers, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), a court may not "serve as a de facto counsel for a party, or … rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's handwritten Complaint completely fails to state claims upon which relief may be granted, even under the relaxed pleading standard afforded to *pro se* litigants. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005). Even construing the Complaint liberally, the pleading is deficient under Federal Rule of Civil Procedure 8(a). *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[T]he *pro se* litigant must still meet minimal pleading standards."). Plaintiff appears to reference a prior complaint lodged against "Country Knolls, 215 NW 50th Street, Pompano Beach, Florida," but fails to provide any factual allegations whatsoever detailing the relief to which she may be entitled. Additionally, Plaintiff's Complaint fails to put Defendant on notice of any viable causes of action she intends to pursue. *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996) (holding that plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").

## II. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 4) is **DENIED** *without prejudice*. Plaintiff shall have through and inclduding November 14, 2015 by which to file an Amended Complaint. The Amended Complaint must adhere to the requirements of Rule 8 of the Federal Rules of Civil Procedure and contain a short and plain statement of Plaintiff's claims as well as identify the federal statutes or rights providing the basis for this Court's jurisdiction. Plaintiff shall name all of the parties against whom she has claims. Plaintiff shall separate her claims into counts, with appropriate headings indicating the cause of action, the party or parties against whom she raises each cause of action, the elements applicable to that claim, and the facts giving rise to the claim. Plaintiff shall also number the paragraphs of her Amended Complaint. *See* Fed. R. Civ. P. 10(b).

2.   Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*.

3.   The Clerk shall *administratively* **CLOSE** this case in the interim.

4.   All pending motions, if any, are **DENIED as moot**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 20th day of October 2015.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Deborah Diane Fletcher,* pro se
*P.O. Box 612134*
*Miami, FL 33261*